IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA A. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:06cv0970 |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, and EXTENDICARE HEALTH SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

June 4, 2007

Presently before the Court for disposition is the MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Defendant Extendicare Health Services, Inc. (*Document Nos. 8 and 9*), the Brief in Opposition and Response filed by Plaintiff, Patricia A. Crawford (*Document Nos. 13 and 14*), the Reply Brief filed by Extendicare Health Services, Inc. (*Document No. 22*) and the Sur-Reply filed by Plaintiff (*Document No. 29*). For the reasons that follow, the Motion will be denied.

### BACKGROUND

As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

Plaintiff, Patricia A. Crawford, a former employee of Extendicare Health Services, Inc. ("Extendicare"), filed this lawsuit for short term disability ("STD") and long-term disability ("LTD") benefits. Extendicare provided STD benefits to its employees. (*Complaint*

*at ¶ 11*). Additionally, Extendicare sponsored a group LTD Plan funded through an insurance policy issued by the Defendant, Metropolitan Life Insurance Company ("MetLife").

On or before July 9, 2004, Plaintiff requested that Extendicare grant her a leave of absence and STD due to rheumatoid arthritis and neuropathy in her feet. (*Compl., ¶ 16; Compl., Ex. C*.) On July 12, 2004, Plaintiff applied for STD benefits. (*Comp., ¶ 21*.) In a letter dated July 22, 2004, Extendicare denied Plaintiff's request on the basis that she had retired, and thus was no longer an employee. (*Compl., Ex. D*). Plaintiff notified Extendicare that she had neither retired nor been terminated, but rather had been granted a leave of absence, which request was approved by her supervisor, Henry Leja. A dispute arose between Plaintiff and Extendicare as to whether she had officially retired or merely taken a leave of absence. After Plaintiff clarified her employment status, Extendicare asked Plaintiff to authorize it to access her medical records and Plaintiff gave the requested authorization to Extendicare.

By letter dated November 29, 2004, Extendicare notified Plaintiff that her application for STD benefits was denied, that her leave of absence had ended, and that she no longer was an employee of Extendicare. (*Compl., at ¶ 28*.) According to Extendicare, the basis for the denial was that the records of Plaintiff's treating physician "did not establish that Plaintiff was totally disabled as required by the plan." (*Id.*)

On February 2, 2005, the Social Security Administration found that as a result of rheumatoid arthritis Plaintiff had been disabled since July 9, 2004, and awarded her Social Security Disability Benefits.

On or about April 20, 2006, Plaintiff's then-counsel, David J. DelFiandra, Esquire, contacted the General Counsel for Extendicare, Roch Carter, Esquire, to inquire what additional

information was needed to prove disability.  The General Counsel did not answer the inquiry. *(Id. at 31.)*

On July 31, 2006, Plaintiff filed a two-count Complaint against Extendicare and MetLife in this Court for their alleged failure to pay disability benefits and breach of fiduciary duty in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104  and 1132(a)(1)(B) and (a)(3).

### STANDARD OF REVIEW

When considering a motion to dismiss the court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff.  *Id.*  The complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir.1999).  However, in resolving a 12(b)(6) motion to

dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

Attached to Plaintiff's Complaint are copies of the following documents: The LTD Plan; Procedures for STD; Request for Leave of Absence; Denial of Benefits dated July 22, 2004; August 16, 2004 correspondence from Extendicare's Benefit Department to Plaintiff's treating physician; a medical record excerpt dated February 20, 2004 from Plaintiff's treating physician; Denial of Benefits dated November 29, 2004; and the December 2, 2005 decision of the Social Security Administration which granted Plaintiff's disability claim. Because these documents are referenced in the Complaint and are essential to Plaintiff's claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

However, attached to Extendicare's brief in support of its motion is an Affidavit of Nancy Lehninger, the Director of Benefits for Extendicare. The Affidavit is not a matter of public record, a document referenced in the complaint, or a document essential to Plaintiff's claims and, thus, it would have been necessary for the Court to convert the motion to dismiss to a motion for summary judgment if the Court were to have considered it. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196. Because there were sufficient factual allegations in the Complaint and the motion to dismiss to enable the Court to make its determination, the Court did not consider the Affidavit and, thereby, obviated the need to convert the motion to dismiss into a motion for summary judgment.

#### DISCUSSION

Extendicare argues that it is not subject to ERISA or its regulations because its STD benefits are part of a payroll practice exempt from ERISA's coverage. Numerous courts have considered the issue and found that when an employer's STD program, which paid an employee's normal compensation from the employer's general assets during periods when the employee was physically or mentally unable to work, was exempt from ERISA under the "payroll practices" exclusion. *See Ryan v. Prudential Insurance Company of America*, 2:04cv1621 (W.D. Pa. Sept. 12, 2006); *Burtoft v. The Prudential Insurance Company of America*, 2:04-0488 (W.D. Pa. Jan. 30, 2006); *Kozlowski v. Penn Nat'l Ins. Co.*, 2005 WL 1163148 (M.D. Pa. May 17, 2995); *Defederico v. Rolm Co.*, 1995 WL 710561 (E.D. Pa. Nov. 30, 1995), *aff'd,* 201 F.3d 200 (3d Cir. 2000).

Extendicare contends that because its STD plan is not an ERISA plan, this Court lacks jurisdiction to adjudicate any claims of Plaintiff in which she alleges entitlement to disability benefits under ERISA. Plaintiff responds that the issue of whether this particular STD plan is an ERISA plan is an issue of fact which must survive dismissal at this early stage.

The Court agrees. It may well be that discovery will reveal that Extendicare's STD Plan is exempt from ERISA coverage. However, until such time, the Court finds that Plaintiff may maintain her claim for STD benefits against Extendicare.

Extendicare also argues that Plaintiff's fiduciary breach claim should be dismissed because (i) Plaintiff requests simultaneous relief in Count I and Count II, *i.e.,* the payment of disability benefits; and (ii) Extendicare was not a fiduciary of the LTD plan.

In response, Plaintiff points out that the United States Court of Appeals for the Third Circuit has not decided whether a plaintiff who has been denied benefits can maintain an action for benefits under § 1132(a)(1)(B) and simultaneously seek relief under § 1132(a)(3). Further, several district courts within the Third Circuit that have addressed the issue have held that dismissal at the pleadings stage of a claim for relief under § 1132(a)(3) when benefits under § 1132(a)(1)(B) are also sought is premature. *See Parente v. Bell-Atlantic-Pennsylvania*, 2000 WL 419981 at *3 (E.D. Pa. 2000) ("a plaintiff is only precluded from seeking equitable relief under § 1132(a)(3) when a court determines that plaintiff will certainly receive or actually receives adequate relief for her injuries under § 1132(a)(1)(B)"). The Court finds this position reasonable and finds that any determination on the issue at this early stage of the litigation would be premature.

Plaintiff also rebuts Extendicare's argument that it could not be liable to Plaintiff on her claim for LTD benefits because only the LTD Plan may be sued for relief. As Plaintiff points out, the cases upon which Extendicare relies upon are distinguishable from the instant case. In those cases, none of the employers had an independent duty to assist the participant in obtaining benefits. In the instant matter, Plaintiff contends that Extendicare had an independent duty to assist Plaintiff in filing her claim for LTD benefits with MetLife. Again, it may well be that discovery will reveal that Extendicare had no independent duty to assist the Plaintiff in obtaining LTD benefits. However, until such time, the Court finds that Plaintiff may maintain her claim(s) for breach of fiduciary duty against Extendicare.

### MOTION FOR LEAVE TO AMEND

The Court notes that twice within Plaintiff's Sur-Reply, she asks for leave to amend her Complaint. *See* Page 3 ("Plaintiff seeks leave to amend her Complaint to add a claim under 28 U.S.C. § 1140") and Page 5 ("Plaintiff seeks leave to amend her Complaint to bring a claim against Extendicare for breach of its contractual duty.")  Plaintiff is instructed to follow the procedures outlined in Rule 15(a) of the Federal Rules of Civil Procedure should she desire to amend her Complaint.

### CONCLUSION

For the reasons hereinabove set forth, the Motion to Dismiss filed by Defendant Extendicare Health Services, Inc. will be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA A. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:06cv0970 |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY AND EXTENDICARE HEALTH | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 4th day of June, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss, Or, In the Alternative, For Summary Judgment (*Document No. 8*) filed by Extendicare Health Services, Inc., is **DENIED.**

Defendant shall file an Answer to the Complaint on or before **June 15, 2007.**

BY THE COURT:
s/Terrence F. McVerry
United States District Court Judge

cc:  Richard J. Cromer, Esquire
Leech, Tishman, Fuscaldo & Lampl
Email: rcromer@leechtishman.com

William James Rogers, Esquire
Thomson, Rhodes & Cowie
Email: wjr@trc-law.com

Catherine S. Ryan, Esquire
Reed Smith
Email: cryan@reedsmith.com

Kristen E. Belz, Esquire
Reed Smith
Email: kbelz@reedsmith.com