IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA A. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:06cv0970 |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, and EXTENDICARE | ) | |
| HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

June 4, 2007

      Presently before the Court for disposition is the MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, with brief in support, filed by Defendant Metropolitan Life Insurance Company (*Document Nos. 10 and 11*), the Response and Brief in Opposition filed by Plaintiff, Patricia A. Crawford (*Document Nos. 17 and 18*), and the Reply Brief filed by Metropolitan Life Insurance Company (*Document No. 23*). For the reasons that follow, the Motion will be granted.

BACKGROUND

      As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

      Plaintiff, Patricia A. Crawford, a former employee of Extendicare Health Services, Inc. ("Extendicare"), filed this lawsuit for short term disability ("STD") and long-term disability ("LTD") benefits. Extendicare provided STD benefits to its employees. (*Complaint*

*at ¶ 11*). Additionally, Extendicare sponsored a group LTD Plan funded through an insurance policy issued by the Defendant, Metropolitan Life Insurance Company ("MetLife").

On or before July 9, 2004, Plaintiff requested that Extendicare grant her a leave of absence and STD due to rheumatoid arthritis and neuropathy in her feet. (*Compl., ¶ 16; Compl., Ex. C*.) On July 12, 2004, Plaintiff applied for STD benefits. (*Comp., ¶ 21*.) In a letter dated July 22, 2004, Extendicare denied Plaintiff's request on the basis that she had retired, and thus was no longer an employee. (*Compl., Ex. D*). Plaintiff notified Extendicare that she had neither retired nor been terminated, but rather had been granted a leave of absence, which request was approved by her supervisor, Henry Leja. A dispute arose between Plaintiff and Extendicare as to whether she had officially retired or merely taken a leave of absence. After Plaintiff clarified her employment status, Extendicare asked Plaintiff to authorize it to access her medical records and Plaintiff gave the requested authorization to Extendicare.

By letter dated November 29, 2004, Extendicare notified Plaintiff that her application for STD benefits was denied, that her leave of absence had ended, and that she no longer was an employee of Extendicare. (*Compl., at ¶ 28*.) According to Extendicare, the basis for the denial was that the records of Plaintiff's treating physician "did not establish that Plaintiff was totally disabled as required by the plan." (*Id.*)

On February 2, 2005, the Social Security Administration found that as a result of rheumatoid arthritis Plaintiff had been disabled since July 9, 2004, and awarded her Social Security Disability Benefits.

On or about April 20, 2006, Plaintiff's then-counsel, David J. DelFiandra, Esquire, contacted the General Counsel for Extendicare, Roch Carter, Esquire, to inquire what additional

information was needed to prove disability.  The General Counsel did not answer the inquiry. *(Id. at 31.)*

On July 31, 2006, Plaintiff filed a two-count Complaint against Extendicare and MetLife in this Court for their alleged failure to pay disability benefits and breach of fiduciary duty in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104  and 1132(a)(1)(B) and (a)(3).

### STANDARD OF REVIEW

When considering a motion to dismiss the court accepts as true all well pleaded allegations of fact.  *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff.  *Id.*  The complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See* Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir.1999).  However, in resolving a 12(b)(6) motion to

dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

Attached to Plaintiff's Complaint are copies of the following documents: The LTD Plan; Procedures for STD; Request for Leave of Absence; Denial of Benefits dated July 22, 2004; August 16, 2004 correspondence from Extendicare's Benefit Department to Plaintiff's treating physician; a medical record excerpt dated February 20, 2004 from Plaintiff's treating physician; Denial of Benefits dated November 29, 2004; and the December 2, 2005 decision of the Social Security Administration which granted Plaintiff's disability claim. Because these documents are referenced in the Complaint and are essential to Plaintiff's claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

However, attached to MetLife's motion is an Affidavit of Laura Sullivan, a Business Consultant for MetLife. The Affidavit is not a matter of public record, a document referenced in the complaint, or a document essential to Plaintiff's claims and, thus, it would have been necessary for the Court to convert the motion to dismiss to a motion for summary judgment if the Court were to have considered it. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196. Because there were sufficient factual allegations in the Complaint and the motion to dismiss to enable the Court to make its determination, the Court did not consider the Affidavit and, thereby, obviated the need to convert the motion to dismiss into a motion for summary judgment.

**DISCUSSION**

A    Claim for Denial of Benefits

The general rule of the Third Circuit is that "a federal court will not entertain an ERISA claim for denial of benefits unless the Plaintiff has exhausted the remedies available under the plan." *D'Amico v. CBS Corp.,* 297 F.3d 287, 291 (3d Cir. 2002). However, a plaintiff is excused from exhausting her administrative remedies when resort to such remedies would have proved futile. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990). A plaintiff must make a "clear and positive showing of futility" to "merit waiver of the exhaustion requirement and conclusory allegations of futility will not suffice." *Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 249 (3d Cir. 2002).

It is undisputed that a court weighs the following factors when determining if the futility exception applies:

    (1)    whether plaintiff diligently pursued administrative relief;

    (2)    whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances;

    (3)    existence of a fixed policy denying benefits;

    (4)    failure of the insurance company to comply with its own internal administrative procedures; and

    (5)    testimony of plan administrators that any adminsitrative appeal was futile.

*Harrow,* 279 F.3d at 250. However, a court need not weigh all factors equally. *Id.*

While the *Harrow* factors are by no means comprehensive, the Court shall be guided by these factors in reaching its conclusion that Plaintiff has not established the futility of exhausting her administrative remedies with regard to a claim for LTD benefits. First, Plaintiff

does not allege in her Complaint that she ever filed a long-term disability claim. Second, the Complaint contains no allegation that MetLife failed to comply with its internal administrative procedures or that the plan administrators advised or intimated Plaintiff that LTD benefits would be denied or that administrative appeal of such a decision would be futile.

In fact, Plaintiff argues that "under the LTD plan, <u>Extendicare</u> was charged with the duty to (1) assist Plaintiff in filing her claim for long-term disability benefits, (2) accept Plaintiff's claim for benefits, and (3) forward the claim to Met Life." *Pl's Br. at 4 (emphasis added)*. Plaintiff makes no attempt to demonstrate that any attempts to utilize the procedures outlined in the LTD Plan would have been futile. Rather, she exclusively relies upon the existence of a dispute with Extendicare over whether she had retired or taken a leave of absence as evidence of the futility of the submission of a claim for LTD benefits.

The Court finds that because Plaintiff failed to make a claim for LTD benefits her argument that any exhaustion of adminstrative remedies would have been an exercise in futility must fail. *See Sollon v. Ohio Casualty Ins. Co.*, 396 F.Supp.2d 560, 590 (W.D. Pa. 2005) (plaintiff failed to file claim, and hence to exhaust administrative remedies with respect to LTD claim). Accordingly, MetLife's request to dismiss Plaintiff's claim for failure to pay LTD benefits is granted.

B.      <u>Claim for Breach of Fiduciary Duty</u>

A breach of fiduciary duty claim necessarily requires that the fiduciary had some duty it failed to perform. MetLife asserts that it owned no fiduciary duty to Plaintiff because it was unaware of Plaintiff's claim for short-term disability and because it never received a claim for

long-term disability benefits.  Plaintiff responds that MetLife received notice of Plaintiff's claim for long-term disability benefits, "at the latest, by the date of the filing of Plaintiff's Complaint on July 21, 2006.  Met Life has apparently taken no action to investigate Plaintiff's claim for benefits since that time.  As such, Met Life has breached its duty to Plaintiff to properly administer the LTD Plan for the benefit of Plaintiff." *Pl's Br. at 7.*  Interestingly, Plaintiff cites no authority for this proposition, and the Court, through independent research, has found no authority for this proposition.  As MetLife argues, if a fiduciary duty could be created in this manner, "claimants could simply bypass the exhaustion of remedies requirement by filing suit asserting a fiduciary breach."  The Court agrees and, therefore, will grant MetLife's request to dismiss Plaintiff's claim for breach of fiduciary duty against it.

## CONCLUSION

For the reasons hereinabove set forth, the Motion to Dismiss filed by Defendant Metropolitan Life Insurance Company will be granted.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA A. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:06cv0970 |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, and EXTENDICARE HEALTH SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 4th day of June, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss, Or, In the Alternative, For Summary Judgment (*Document No. 10*) filed by Defendant Metropolitan Life Insurance Company is **GRANTED.**

It is further **ORDERED** that the Defendant Metropolitan Life Insurance Company is dismissed as a defendant in this action and the caption is amended to so reflect as follows:

| | | |
|---|---|---|
| PATRICIA A. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02: 06cv0970 |
| v. | ) | |
| | ) | |
| EXTENDICARE HEALTH SERVICES, INC., | ) ) | |
| Defendant. | ) | |

BY THE COURT:
s/Terrence F. McVerry
United States District Court Judge

cc:   Richard J. Cromer, Esquire
Leech, Tishman, Fuscaldo & Lampl
Email: rcromer@leechtishman.com

William James Rogers, Esquire
Thomson, Rhodes & Cowie
Email: wjr@trc-law.com

Catherine S. Ryan, Esquire
Reed Smith
Email: cryan@reedsmith.com

Kristen E. Belz, Esquire
Reed Smith
Email: kbelz@reedsmith.com